UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHONDA R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-6046-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[1] She has a GED and has no past relevant work. (AR 19, 36.)

Plaintiff protectively filed an SSI application on June 6, 2016, alleging disability beginning April 17, 2009, later amended to June 6, 2016, the protective filing date. (AR 55.) The application

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

was denied initially and on reconsideration.  ALJ Rudolph M. Murgo held a hearing on September 19, 2018, taking testimony from plaintiff and a vocational expert (VE).  (AR 51-77.)  On November 9, 2018, the ALJ issued a decision finding plaintiff not disabled.  (AR 10-21.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on August 31, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's arthritis of the thumbs, fibromyalgia, carpal tunnel syndrome, obesity, borderline personality disorder, bipolar disorder, unspecified anxiety disorder with panic-like symptoms, opiate and methamphetamine abuse, alcohol and cocaine abuse in remission, and abscesses secondary to intravenous drug use.  Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b), except that she can frequently climb ramps and

stairs and never climb ladders, ropes, and scaffolds. Further, she can frequently balance, stoop, kneel, crouch, crawl, and handle and finger bilaterally. She should avoid concentrated exposure to extreme cold, vibration, heights, hazards, and heavy machinery. She can remember and understand simple, as well as some well-learned, detailed tasks, but due to no past relevant work, she is limited to jobs with no more than a specific vocational preparation (SVP) of 2.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because plaintiff had no past relevant work, the ALJ proceeded to step five. With the assistance of a VE, the ALJ found plaintiff able to perform the occupations of cleaner, laundry sorter, and hand packager. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing certain medical opinions. She requests remand for payment of benefits. The Commissioner argues the ALJ's decision should be affirmed.

ORDER
PAGE - 3

Medical Opinions

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2]  Where the record contains contradictory opinions, as in this case, the ALJ may not reject a treating or examining doctor's opinion without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted).

A.     Daniel Davenport, MD

Dr. Davenport, a consulting physician who examined plaintiff on October 15, 2016, limited plaintiff to standing and walking "perhaps" three-to-four hours daily because of her morbid obesity and tendency for back spasms; sitting "at least six hours"; lifting ten-to-twenty pounds occasionally, limited by left hand weakness, bilateral wrist arthritis, tendency for muscle spasms and anxiety; "quite" limited in postural activities; limited to manipulative activities for two-to-four hours because of carpal tunnel syndrome, bilateral thumb arthritis, and muscle cramps; and prohibited from certain workplace environmental activities due to arthritis and limited mobility. (AR 556-61.)  The ALJ found the opinions "unpersuasive as a whole." (AR 17.)  Although the lifting limitations were compatible with the RFC, the ALJ gave little weight to the standing and walking limitations, as well as the "broad range of manipulative restrictions" opined. (AR 17-18.) While plaintiff did have some diminished grip strength, the ALJ found the doctor's contemporaneous physical examination did not support limiting manipulative activities, noting a lack of warmth or swelling over the joints in the hands or wrists, and plaintiff's ability to take off

---

[2] Because plaintiff filed applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

her shoes, dress and undress, touch her thumb to all fingers, make a fist, pick up coins from a flat surface, button, and unbutton. (AR 18.)

The Court finds the ALJ's reasoning insufficient. Plaintiff's ability to dress and undress herself or pick up coins from a surface does not persuasively contradict Dr. Davenport's opinion plaintiff should limit manipulative activities to between two and four hours a day. Nor does the record establish that warmth or swelling in the joints in the hands or wrists is a required finding to support the manipulative activities. While the ALJ gave little weight to Dr. Davenport's standing and walking limitations, the only pertinent reason given was that the physical examination did not support those limits. This reasoning is insufficiently specific.

The Commissioner points to other medical opinion evidence supportive of the ALJ's functional capacity findings. (*See* Dkt. 13 at 3.) *See also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (An ALJ may reject a medical opinion based on inconsistency between the opinion and the medical record). However, the ALJ did not give this reason for rejecting Dr. Davenport's opinions. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")).

Plaintiff does not challenge the ALJ's consideration of Dr. Davenport's other opinions. On remand, the ALJ should re-evaluate Dr. Davenport's opinions regarding plaintiff's walking and standing capacity, as well as the manipulative limitations.

B.  David T. Morgan, Ph.D.

Plaintiff also assigns error to the ALJ's consideration of the opinions of Dr. Morgan, who

ORDER
PAGE - 5

completed a Psychological/Psychiatric Evaluation of plaintiff on behalf of DSHS on May 11, 2016 (AR 2567-71.) Dr. Morgan assigned "multiple marked ratings" to plaintiff's mental functioning, which the ALJ found "unpersuasive" as inconsistent with the psychologist's observations and testing of plaintiff conducted during the examination, including normal speech and cooperative demeanor, normal affect, and testing within normal limits. (AR 19.) Dr. Morgan also examined plaintiff on April 4, 2018. (AR 2572-76.) The ALJ noted Dr. Morgan assigned "marked ratings for nearly all of mental functioning" and assigned the opinion little weight. (AR 19.) While plaintiff appeared as unkempt, with inappropriate dress and anxious mood, the rest of the examination was unremarkable, with normal speech and cooperative attitude, "notably normal" affect, and performance within normal limits throughout testing, including concentration. (*Id.*)

Plaintiff argues the ALJ failed to provide legally sufficient reasons for considering Dr. Morgan's opinions. The Court finds otherwise. The ALJ reviewed Dr. Morgan's generally unremarkable examination findings and reasonably found them inconsistent with the severity of the assessed mental functional limitations. "Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion." 20 C.F.R. § 416.927(c)(4). The ALJ did not err in considering the opinions of Dr. Morgan.

Remedy

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). To remand for an award of benefits, the Court must find: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) that the record has been fully developed and further administrative proceedings would serve no useful purpose, including consideration of any outstanding issues that must be resolved before a disability determination can be made; and (3) that, if improperly discredited evidence were

credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014); and *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).[3]

Even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy and may remand for further proceedings where, considering the record as a whole, serious doubt remains as to whether a claimant is, in fact, disabled. *Brown-Hunter*, 806 F.3d at 495. *See also Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

The Court here finds further proceedings necessary. The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). On remand, the ALJ should reconsider and provide legally sufficient reasons for the weight given the opinions of Dr. Davenport.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings consistent with the Court's findings.

DATED this 22nd day of May, 2020.

Mary Alice Theiler
United States Magistrate Judge

---

[3] As clarified by the Ninth Circuit, the Court considers the existence of outstanding issues *before* considering whether to credit evidence as true. *Leon v. Berryhill*, 880 F.3d 1044, 1046 (9th Cir. 2017); *Treichler*, 775 F.3d at 1101.

ORDER
PAGE - 7